## UNITED STATES v. SCHOOL DISTRICT OF TINICUM TP. et al.

(District Court, E. D. Pennsylvania. June 21, 1926.)

No. 3691.

Clerks of courts ⬤➝47—Filing fee required of defendant on filing motion to dismiss (Act Feb. 11, 1925, § 3 [Comp. St. Supp. 1925, § 1383c]).

A motion by defendant to dismiss bill for insufficiency of facts alleged, which under new equity rule 29 takes the place of a demurrer or plea, is a "paper joining issue," and under Act Feb. 11, 1925, § 3 (Comp. St. Supp. 1925, § 1383c), requires payment of a filing fee of $5 to the clerk.

In Equity. Suit by the United States against the School District of the Township of Tinicum and others. On motion of defendants to file motion to dismiss without payment of filing fee. Denied.

Paul W. Knox, of Philadelphia, Pa., for the United States.

Porter, Foulkrod & McCullagh and Donald Spencer Edmonds, all of Philadelphia, Pa., for defendants.

THOMPSON, District Judge. The United States has filed a bill in equity against the school district of Tinicum and other municipalities and their officers, setting forth that it is being subject, and, it is threatened, will be further subject, to a multiplicity of suits to enforce the collection of taxes claimed to be due and payable to the defendants upon the land formerly used for shipbuilding purposes known as Hog Island, which taxes, it is alleged, were levied and assessed while the lands were owned by the United States and wholly exempt from taxation, and are therefore unauthorized by law and void.

The defendants have attempted to file a motion to dismiss the bill for want of equity and insufficiency of fact to constitute a valid cause of action. The clerk of the court has refused to file the motion to dismiss without the payment of the filing fee of $5, as provided by section 3 of the Act of February 11, 1925, ch. 204, 43 Stat. 857 (Comp. St. Supp. 1925, § 1383c), which is as follows:

"Upon the filing of any answer or paper joining issue, or the entering of an order for trial, there shall be charged and collected by the clerk, from the party or parties filing any such answer or paper, for services performed and to be performed by said clerk in said case or proceeding, the further sum of $5."

It is contended on behalf of the defendants that the filing fee is not chargeable under the act cited, because a motion to dismiss is not a "paper joining issue." Prior to the promulgation of the Supreme Court of the new equity rules, defenses of the nature raised here were raised by demurrer or plea. But equity rule 29 abolishes demurrers and pleas, and provides as follows:

"Every defense in point of law arising upon the face of the bill, whether for misjoinder, nonjoinder or insufficiency of fact to constitute a valid cause of action in equity, which might heretofore have been made by demurrer or plea, shall be made by motion to dismiss or in the answer."

The defendants' motion to dismiss constitutes a joinder of issue upon the insufficiency of fact set out in the bill, to the same effect as formerly would have been done by demurrer, and the motion, therefore, comes within the meaning of a "paper joining issue." The clerk is therefore entitled to collect the fee of $5.

The motion to file the motion to dismiss without payment of costs is denied.